**UNITED STATES of America**
v.
**Alexander GUTERMA et al., Defendants.**
**Cr. No. 45999.**

United States District Court
E. D. New York.
Feb. 23, 1960.

Cornelius W. Wickersham, Jr., U. S. Atty., East. Dist. of New York, Brooklyn, N. Y., for the United States.

Richard H. Wels, New York City, for defendants Alexander L. Guterma and Chatham Corp.

Emanuel Eschwege, New York City, for defendant Robert J. Eveleigh.

Joseph A. Tracy, New York City, for defendant Virgil D. Dardi.

Frederick H. Block, New York City, for defendant Comficor, Inc.

BYERS, District Judge.

A rehearing of the motion decided on December 16, 1959, was had on February 8, 1960, at the instance of the United States, as to so much of that decision as provided for four separate trials of the matters alleged in the superseding indictment.

All papers, pro and con, were filed on the 17th inst.

 It is not my view that the joinder of the several offences and the defendants was contrary to the provisions of Rule 8 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. It is my view that the Court is not thereby relieved of the duty of acting under Rule 14, sua sponte.

 In addition to the question of apparent prejudice to some of the defendants, it would seem that the Court should have the inherent power to regulate its criminal trial calendar so that the public business can be dispatched as expeditiously and conveniently as possible; this includes the avoidance of long drawn out and complex trials if that can be done in justice to all parties.

It is unnecessary to repeat what has been heretofore written to demonstrate the essentially separate character of the various offences charged, although if established they would reveal a continuity of Guterma's fell purpose.

Since the date of the said opinion a Fourth Circuit decision has been published, Ingram v. United States, 272 F.2d 567, which contains a helpful discussion of this general subject; pages 569 et seq. may be consulted with profit.

 The government relies upon a well known rule referred to in United States v. Walker, 2 Cir., 176 F.2d 564, 566, in the following language:

" * * * whenever specific intent is an element in a crime, other transactions *of the same kind* (emphasis supplied) are relevant to show that the required intent was present upon the occasion in question."

When this case is tried the Court will have to rule on all testimony offered upon that theory; nothing, therefore, should be said in disposing of this motion that could be thought to anticipate any required ruling at the trial.

The fact that such testimony may be tendered of course does not demonstrate that the offences charged in this indictment constitute the same series of acts or transactions.

On this rehearing the decision of December 16, 1959, is adhered to. Settle order on four days' notice, within eight days from the date hereof.