UNITED STATES of America

v.

Matthew J. CIANCIULLI, Jr., Joseph A. Ricca, Ramon Meirino, Patricia Di Giambattista, Anthony Skedzielewski, Anthony Fiorentino, Joseph Costello, Catherine Spagna, Vincent Spagna, Richard De Angelis, Joseph Tully, Mary Ann Tully, Salvatore Morici, Joseph Aldinger, Grace Conigliero, Salvatore Conigliero, Frank D. Coppola, Barbara A. Coppola, Thomas Castelli, Angelo Sannutti, Robert Russell, Carol Russell, Helson Meirino, Joseph Asnes, Vincent Lombardo.

Criminal No. 79–165.

United States District Court,
E. D. Pennsylvania.

Aug. 30, 1979.

Peter F. Vaira, U. S. Atty., Peter F. Schenck, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Jeffrey M. Miller, Helen T. M. McCaffrey, Julia B. Passyn, Alan M. Lieberman, Charles Jay Bogdanoff, Ivan J. Feiner, Edward Michael Flannery, Spencer M. Wertheimer, Michael L. Levy, William J. Winning, Andrew Jackson, Vincent M. Larusso, Richard W. Hoy, Nicholas Maiale, Alexander Giacobetti, Michael H. Cox, Gerald J. Pomerantz, Philadelphia, Pa., for defendants.

MEMORANDUM OPINION AND ORDER

BECHTLE, District Judge.

For the following reasons, the Court, after careful review and consideration of the decisional authority, will order *sua sponte* severance of the trial of the above case into three separate trials, pursuant to the express and inherent judicially created powers under Fed.R.Crim.P. 14.

The action before the Court concerns alleged improprieties engaged in by the 25 named defendants arising out of conspiratorial and other activities in falsely register-

ing to vote in federal elections over a three-year period, in violation of federal criminal law. Two defendants entered guilty pleas to the charges at the time of arraignment. Presently, 23 defendants are awaiting trial for their alleged criminal activities.

The procedural device governing severance in criminal trials is Fed.R.Crim.P. 14, which provides:

If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance the court may order the attorney for the government to deliver to the court for inspection *in camera* any statements or confessions made by the defendants which the government intends to introduce in evidence at the trial.

This rule is adversely related to Fed.R. Crim.P. 8, which requires joinder in certain instances, and states as follows:

(a) *Joinder of Offenses.* Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

(b) *Joinder of Defendants.* Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

Although Fed.R.Crim.P. 14 does not expressly grant the Court the power to order severance on its own motion as Fed.R.Civ.P.

42 does, several courts, including the Third Circuit Court of Appeals, have read into Rule 14 an inherent judicial power to order severance *sua sponte* of defendants into separate trials. *See U. S. v. De Diego,* 167 U.S.App.D.C. 252, 258, 511 F.2d 818, 824 (D.C.Cir.1975); *U. S. v. Archie,* 452 F.2d 897, 899 (3d Cir. 1971); *Jackson v. U. S.,* 134 U.S.App.D.C. 18, 21, 412 F.2d 149, 151 (D.C. Cir.1969); *U. S. v. Vida,* 370 F.2d 759, 765 (6th Cir. 1966); *U. S. v. Guterma,* 181 F.Supp. 195, 196 (E.D.N.Y.1960); *U. S. v. Harvick,* 153 F.Supp. 696, 698 (D.N.D.1957).

Furthermore, the courts have broadly phrased this power in terms of a duty on the part of the court to sever a trial when it appears at any time before or during the trial that prejudice will accrue to the defendants if severance is not ordered. *See Schaffer v. U. S.,* 362 U.S. 511, 516, 80 S.Ct. 945, 4 L.Ed.2d 921 (1960); *U. S. v. Gougis,* 374 F.2d 758, 762 (7th Cir. 1967); *U. S. v. Vida, supra,* 370 F.2d at 765.

Appellate courts will not reverse a trial court's independent decision to sever, unless it can be shown that the defendants were prejudiced in some way by the court's granting severance. *See Jackson v. U. S., supra,* 134 U.S.App.D.C. at 21, 412 F.2d at 151.

■ The prerequisite showing of prejudice to warrant a court ordering severance *sua sponte* has been found by the courts in a variety of contexts. First, the inherent problems entailed with any mass trial, which involve the presence of numerous defendants and their counsel, several-count indictments, violations of multiple criminal statutes and varying and complicated factual situations, can prejudice individual defendants. *See U. S. v. Branker,* 395 F.2d 881, 887–888 (2d Cir. 1968), *cert. denied,* 393 U.S. 1029, 89 S.Ct. 639, 21 L.Ed.2d 573 (1969); *U. S. v. Vida, supra,* 370 F.2d at 765.

The United States Supreme Court specifically addressed this problem in *Kotteakos v. U. S.,* 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1945), holding that:

. . . Numbers are vitally important in trial, especially in criminal matters.

Guilt with us remains individual and personal, even as respects conspiracies. It is not a matter of mass application. There are times when of necessity, because of the nature and scope of the particular federation, large numbers of persons taking part must be tried together or perhaps not at all, at any rate as respects some. When many conspire, they invite mass trial by their conduct. Even so, the proceedings are exceptional to our tradition and call for use of every safeguard to individualize each defendant in his relation to the mass. Wholly different is it with those who join together with only a few, though many others may be doing the same and though some of them may line up with more than one group.

Criminal they may be, but it is not the criminality of mass conspiracy. They do not invite mass trial by their conduct. Nor does our system tolerate it. That way lies the drift toward totalitarian institutions. True, this may be inconvenient for prosecution. But our Government is not one of mere convenience or efficiency. It too has a stake, with every citizen, in his being afforded our historic individual protections, including those surrounding criminal trials. About them we dare not become careless or complacent when that fashion has become rampant over the earth.

328 U.S. at 772–773, 66 S.Ct. at 1252.

■ Second, inherently related to the first consideration is the due process requirement under the Fifth Amendment mandating a fair trial before an impartial jury to each individual defendant. This due process right is often usurped when many defendants are tried together, thus increasing the likelihood of the serious risk of confusion to the jury which could result from the aforementioned problems of a mass trial. This can lead to jurors being unable to sort out the counts charged and the evidence presented against each individual defendant in order to impartially determine guilt or innocence. This problem of guilt by association or numbers is maximized by the size, diversity and complexity of the trial. *See Gwathmey v. U. S.,* 215 F.2d

148, 156 (5th Cir. 1954); *U. S. v. Haupt,* 136 F.2d 661, 673 (7th Cir. 1943). In *U. S. v. Branker, supra,* the Second Circuit Court of Appeals succinctly stated the considerations the court must face in ordering severance *sua sponte* :

Originally twelve defendants and six co-conspirators were named in eighty-four counts. The eight defendants who were tried were named in eighty substantive counts charging violation of six criminal statutes. While it is true that this court has on several occasions sustained convictions on substantive counts after dismissal of a conspiracy count relied upon to justify joinder, *see, e. g., United States v. Schaffer,* 266 F.2d 435 (2d Cir. 1959), *aff'd Schaffer v. United States,* 362 U.S. 511, 80 S.Ct. 945, 4 L.Ed.2d 921 (1960); *United States v. Elgisser,* 334 F.2d 103 (2d Cir.), *cert. denied, Gladstein v. United States,* 379 U.S. 879, 85 S.Ct. 148, 13 L.Ed.2d 86; 379 U.S. 881, 85 S.Ct. 151, 13 L.Ed.2d 87 (1964), we are not aware of any such case in which the number of counts even approached the number involved here. It is obvious that as the number of counts is increased, the record becomes more complex and it is more difficult for a juror to keep the various charges against the several defendants and the testimony as to each of them separate in his mind. *See United States v. Bufalino,* 285 F.2d 408, 417 (2d Cir. 1960). *See also Kotteakos v. United States,* 328 U.S. 750, 766–767, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946).

This kind of prejudice is particularly injurious to defendants who are charged in only a few of the many counts, who are involved in only a small proportion of the evidence, and who are linked with only one or two of their co-defendants. The jury is subjected to weeks of trial dealing with dozens of incidents of criminal misconduct which do not involve these defendants in any way. As trial days go by, "the mounting proof of the guilt of one is likely to affect another." *Schaffer v. United States,,* 362 U.S. 511, 523, 80 S.Ct. 945, 952, [4 L.Ed.2d 921] (1960)

(Douglas, J., dissenting). *See Blumenthal v. United States*, 332 U.S. 539, 559–560, 68 S.Ct. 248, 92 L.Ed. 154 (1947); *United States v. Kelly*, 349 F.2d 720, 759 (2d Cir. 1965), *cert. denied*, 384 U.S. 947, 86 S.Ct. 1467, 16 L.Ed.2d 544 (1966). *See also Kotteakos v. United States*, 328 U.S. 750, 775–777, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946); *United States v. Bentvena*, 319 F.2d 916, 956 (2d Cir.), *cert. denied sub nom. Ormento v. United States*, 375 U.S. 940, 84 S.Ct. 345, 11 L.Ed.2d 271 (1963).

Finally, a lesser but demonstrable consideration some courts have raised is the right of the court to manage its own criminal trial calendar in a way that the court will not be faced with one long, involved and confusing trial where severance would present a logical alternative from the point of view of judicial economy. *See U. S. v. Guterma, supra*, 181 F.Supp. at 196.

In the instant case, this Court finds that the risk of prejudice to individual defendants by possibly denying them the due process right of a fair trial is a very real possibility if this case is tried in one proceeding. Separate trials here would clearly minimize the risk of prejudice which would obviously result if the jury were faced with a 49-count grand jury indictment, against 23 defendants, involving 5 separate criminal statutes and concerning diverse factual circumstances occurring over a 3-year period.

The Court is careful to note that the mere number of defendants, criminal counts or statutes involved in a case does not in and of itself justify severance. Any decision to sever *sua sponte* must ultimately be based upon the individual factual circumstances presented in each case and must involve an examination of the factual and legal similarities and dissimilarities evident in the charges brought against each defendant in relation to the overall criminal scheme alleged. In the present action, all defendants are charged with conspiracy to encourage false registration, 42 U.S.C. § 1973i; giving false information for the purpose of establishing eligibility to register, 42 U.S.C. § 1973i; and, conspiracy to injure citizens in the exercise of constitu-

tional rights, 18 U.S.C. § 241. However, eight defendants are additionally charged with aiding and abetting, 18 U.S.C. § 2. Defendant Matthew J. Cianciulli, Jr., is also charged with mail fraud, 18 U.S.C. § 1341.

The Court finds that, as to those eight defendants, the aiding and abetting charge renders their criminal activities factually and legally diverse enough from the remaining fifteen defendants that a separate trial is warranted for those eight defendants. This is necessary to avoid the serious possibility of prejudice to the remaining defendants if all defendants were tried together.

Furthermore, the Court finds that the interests of due process and judicial economy would be best served by further severing the remaining fifteen defendants into two trials, with eight defendants in one trial and seven in the other trial. Finally, because it appears from the record that ten of the fifteen defendants are husband and wife defendants who presumably were involved in the same factually related criminal activities, husband and wife defendants will be tried together.

In conclusion, although the Court is aware of the added burden severance may place on the Government and possibly on some defendants, the Court, in its sound discretion, is convinced that, in furtherance of its duty to order severance on its own motion if prejudice appears, this case should be severed into three separate trials in the interests of due process and judicial economy.