UNITED STATES of America,
Plaintiff–Appellee,

v.

Leonard LOWENSTEIN, Defendant–
Appellant.

No. 92–2030.

United States Court of Appeals,
Sixth Circuit.

Submitted May 6, 1993.

Decided Aug. 20, 1993.

Rafael M. Gonzalez, Office of U.S. Atty., Detroit, MI (briefed), for U.S.

David W. Wright, Bloomfield Hills, MI (briefed), for Leonard Lowenstein.

Leonard Lowenstein, pro se.

Before: MILBURN, RYAN, and NORRIS, Circuit Judges.

ALAN E. NORRIS, Circuit Judge.

Defendant, Leonard Lowenstein, appeals the sentence imposed by the district court following his conviction for threatening the life of a Michigan Special Assistant Attorney General. Defendant contends that the district court's decision to depart upward from the Sentencing Guidelines range of twelve to eighteen months and impose a forty-eight month term of imprisonment was improper and unreasonable. Defendant also argues, for the first time on appeal, that he did not receive notice of each ground for the departure, as required by *Burns v. United States*, — U.S. ——, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991). Finding defendant's arguments to lack merit, we affirm.

## I.

In 1986 defendant inherited approximately $220,000. In accordance with its inheritance tax laws, the state of Michigan ordered him to pay an inheritance tax. Despite repeated efforts by the state to collect the tax, defendant steadfastly refused to pay. Consequently, in June 1990 David Kaufman was appointed as a Special Assistant Attorney General for the purpose of collecting the tax. Kaufman met and spoke over the telephone with defendant on numerous occasions in an attempt to collect the tax. Defendant grew increasingly angry over Kaufman's collection efforts and, in March 1991 made the first of

approximately thirty telephone calls in which he threatened Kaufman's life.

Defendant was indicted for making threatening communications, in violation of 18 U.S.C. § 875(c), and was convicted following a jury trial. Under the Sentencing Guidelines, his sentence range was twelve to eighteen months. In defendant's presentence report, the probation officer noted that an upward departure might be warranted under U.S.S.G. § 4A1.3, p.s. (adequacy of criminal history category). On the day of sentencing, the district court announced that it would depart upward from the guidelines range for two reasons. First, according to the district court, the applicable guidelines section, § 2A6.1, did not adequately take into account the multiple threatening communications involved in defendant's case. Second, the district court concluded that under § 4A1.3, defendant's criminal history category did not adequately reflect the seriousness of his past criminal conduct. Accordingly, the district court imposed a forty-eight month term of imprisonment. Defendant now appeals, arguing that the departure was improper and unreasonable, and that he did not receive notice of each ground for the departure.

## II.

As provided in 18 U.S.C. § 3553(b), the district court shall impose a sentence within the applicable guideline range, "unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission." Similarly, U.S.S.G. § 5K2.0, p.s. provides that an upward departure may be warranted "if the court determines that, in light of unusual circumstances, the guideline level attached to that factor is inadequate."

This court reviews an upward departure under a three-step analysis:

[t]he first step is a question of law regarding whether the circumstances of the case are sufficiently unusual to justify departure. Step two involves a determination as to whether there is an actual factual basis justifying the departure. Here, the standard is whether the ·determination made involves clear error.

. . . .

The third step is that, once the Court has assured itself that the sentencing court considered circumstances appropriate to the departure, the degree of departure must be measured by a standard of reasonableness on appeal.

*United States v. Joan,* 883 F.2d 491, 494–96 (6th Cir.1989).

With respect to the first ground for the departure, U.S.S.G. § 2A6.1 provides:

### Threatening communications

(a) Base Offense Level: **12**

(b) Specific Offense Characteristics

(1) If the defendant engaged in any conduct evidencing an intent to carry out such threat, increase by **6** levels.

(2) If specific offense characteristic § 2A6.1(b)(1) does not apply, and the defendant's conduct involved a single instance evidencing little or no deliberation, decrease by **4** levels.

The district court properly found that § 2A6.1 does not adequately take into account the number and deliberative nature of the calls involved in this case. While the section provides for a reduced offense level when a defendant makes a single call evidencing little or no deliberation, the section does not provide for an enhancement when multiple calls are made with deliberation, which clearly are more culpable than a single call.

This reading of § 2A6.1 is buttressed by Application Note 1, which provides that

[t]he Commission recognizes that this offense includes a particularly wide range of conduct and that it is not possible to include all of the potentially relevant circumstances in the offense level. Factors not incorporated in the guideline may be considered by the court in determining whether a departure from the guidelines is warranted.

U.S.S.G. § 2A6.1, comment. (n. 1). Given the undisputed facts that defendant made some thirty threatening telephone calls over the course of eight months, and continued his behavior after the FBI warned him to stop,

sufficiently unusual circumstances existed to warrant a departure. Defendant's actions demonstrate a heightened level of culpability that was not adequately taken into account by the guidelines. Moreover, on these facts, we find that the degree of the departure was reasonable.

Because the district court indicated that it would have departed based upon this ground alone, and its reliance upon this ground was appropriate and the degree of departure was reasonable, this court need not consider the appropriateness of the other ground for departure. *See Williams v. United States,* — U.S. —, —, 112 S.Ct. 1112, 1120–21, 117 L.Ed.2d 341 (1992) (court of appeals may affirm upward departure even if one ground is invalid, provided that the district court would have imposed the same sentence without the invalid ground and the departure is reasonable).

### III.

 Defendant argues that even if the district court relied upon an appropriate ground for departure, he was not given proper notice of that ground. In *Burns,* the Supreme Court held that Fed.R.Crim.P. 32 requires a district court to provide the parties with reasonable notice that it is contemplating an upward departure, specifically identifying the ground for the departure. *Burns,* — U.S. at —, 111 S.Ct. at 2187.·

The record does not indicate that defendant received any notice prior to the sentencing hearing of the district court's intent to depart upward because the guidelines did not adequately take into account his multiple threatening communications. However, the transcript of the sentencing hearing reveals that defendant never objected to this lack of notice. Moreover, in his brief to this court, he is unable to identify any prejudice suffered as a result.

Assuming that the district court erred in failing to provide advance notice of one of the grounds for the departure, this court reviews the oversight for plain error. *See United States v. Paslay,* 971 F.2d 667, 674 n. 13 (11th Cir.1992) (noting in dicta that plain error standard of review applies to *Burns* violations to which no timely objection is

taken). Federal Rule of Criminal Procedure 52(b) provides that this court may correct a plain error that "affect[s] substantial rights." Even if the district court committed plain error, the Supreme Court recently held that a ·defendant ordinarily must demonstrate prejudice as a result of the error before it may be viewed as affecting substantial rights. *United States v. Olano,* — U.S. —, — – —, 113 S.Ct. 1770, 1777–78, 123 L.Ed.2d 508 (1993). Since, as noted earlier, defendant is unable to identify any prejudice suffered due to the lack of notice, we conclude that any error committed by the district court did not rise to the level of plain error. Accordingly, we **affirm** the sentence imposed by the district court.