61 F.3d 904
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Margo FLORES (94-1686), Michael Demetrius Flores (94-1725),
Defendants-Appellants.
 Nos. 94-1686, 94-1725.
 United States Court of Appeals, Sixth Circuit.
 July 14, 1995.
 
 Before: JONES, GUY, and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 The defendants were indicted for conspiracy to distribute cocaine and for possession with intent to distribute cocaine. A jury found them guilty of both charges.
 
 
 2
 Prior to trial Michael Flores had moved for a severance, but his motion was denied. On appeal he now argues the denial of his motion was error.
 
 
 3
 Margo Flores raises only one issue in his appeal. He claims an error in the computation of his criminal history category.
 
 
 4
 Our review of the records convinces us that no error occurred as to either defendant and we affirm the conviction and sentences.
 
 I.
 
 5
 Pursuant to arrangement made by Michael Flores Sr., the father of defendant Michael Flores, Sonia Flores and Michael Flores delivered cocaine from California to Michigan. After arriving by bus from California, Sonia and Michael took the cocaine to the Suez Motel in Detroit, where they waited for further instructions. Michael Flores Sr. telephoned the motel and told Michael and Sonia to await the arrival of defendant Margo Flores.
 
 
 6
 When Margo arrived at the motel, he instructed Sonia to stay at the motel and deliver three of the ten kilograms of cocaine to "Rick." The two defendants then left the motel. Rick arrived shortly thereafter and exchanged $69,000 for the cocaine.
 
 
 7
 After Rick left, the two defendants returned to the motel room where further instructions were received. Michael Flores Sr. instructed Sonia to fly back to California with the money. The two defendants left at this point and went to room 333 of the Sheraton Hotel in Novi, Michigan, taking the rest of the cocaine with them.
 
 
 8
 Sonia was arrested at the airport and agreed to cooperate. She told the arresting agents that Michael Flores and Margo Flores were in room 333 at the Novi Sheraton. The agents obtained a search warrant for room 333, which they executed the next day. The search uncovered four kilograms of cocaine and $35,000 in cash. The two defendants were then arrested.
 
 II.
 The Severance Issue
 
 9
 The basis of Michael Demetrius Flores's severance motion was that if tried along with Margo Flores he would suffer from guilt by association. He also contended that the defendants were offering conflicting defenses.
 
 
 10
 We first note that, although the initial severance motion was timely filed, it was not renewed at the close of the evidence. This failure to renew constitutes a waiver of this issue insofar as appellate review is concerned. United States v. Swift, 809 F.2d 320, 323 (6th Cir.1987).
 
 
 11
 Even if this issue had not been waived, we would find it wholly lacking in merit. Defendant relies on cases involving large numbers of defendants and complex issues.[1] In contrast, this was a simple two-defendant case, which took only two days to try.
 
 
 12
 Even more importantly, both defendants were equally implicated by the evidence[2] and we can conceive of no guilt by association problem as to either defendant.
 
 
 13
 Finally, although the severance motion referenced possible inconsistent defenses, none surfaced at trial nor does defendant identify any inconsistent or antagonistic theories in his appeal brief. We are left with no doubt that the severance motion was properly denied.
 
 III.
 The Sentencing Issue
 
 14
 Margo Flores argues that he should not have received three criminal history points for each of two prior burglary convictions, since he was sentenced for both convictions on the same date. Margo raises this issue for the first time on appeal, thus, we review for plain error only. United States v. Lowenstein, 1 F.3d 452, 454 (6th Cir.1993). Section 4A1.2(a)(2) of the sentencing guidelines provides:
 
 
 15
 Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence for purposes of Sec. 4A1.1(a), (b), and (c). Use the longest sentence of imprisonment if concurrent sentences were imposed and the aggregate sentence of imprisonment imposed in the case of consecutive sentences.
 
 The relevant commentary provides:
 
 16
 3. Related Cases. Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing.
 
 
 17
 Defendant makes no claim that the two burglary convictions in question "occurred on the same occasion" or "were part of a single common scheme or plan."[3] Thus, these two prior convictions were properly deemed unrelated unless they were "consolidated for trial on sentencing." We have no indication that there was any such consolidation. The cases had separate docket numbers and separate consecutive sentences were imposed. It is true that the sentencing in both cases occurred on the same date, but we have earlier held that this does not, in and of itself, result in a consolidation. United States v. Coleman, 964 F.2d 564, 566 (6th Cir.1992).
 
 
 18
 On the basis of the record before us, we find no plain error and conclude that the trial judge properly treated these two prior burglary convictions as unrelated.
 
 
 19
 AFFIRMED.
 
 
 
 [1]
 See, e.g., United States v. Cianciulli, 476 F.Supp. 845, 845 (E.D.Pa.1979) (25 defendants); United States v. Moreton, 25 F.R.D. 262, 263 (W.D.N.Y.1960) (17 defendants and multiple counts)
 
 
 [2]
 Although Margo was found with a large sum of cash on his person and Michael was not, given the inculpatory testimony of Sonia Flores implicating both of these defendants, we cannot see how such a minor difference could result in any prejudice to Michael Flores
 
 
 [3]
 In fact, defense counsel professes no knowledge as to these prior convictions and seeks "a hearing before the sentencing court to fully explore the issue."