81 F.3d 161
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus Arturo MACIAS-NEVAREZ, Defendant-Appellant.
 No. 95-5385.
 United States Court of Appeals, Sixth Circuit.
 March 26, 1996.
 
 1
 Before: MARTIN and MOORE, Circuit Judges, and JOINER, District Judge.*
 
 ORDER
 
 2
 Jesus Arturo Macias-Nevarez appeals his conviction for illegal entry into the United States after a previous deportation, a violation of 8 U.S.C. § 1326. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Macias-Nevarez pleaded guilty to this charge in 1994. On February 28, 1995, the district court sentenced him to a term of 70 months of imprisonment and 5 years of supervised release. It is from this judgment that he now appeals.
 
 
 4
 Macias-Nevarez's attorney has filed a motion to withdraw with a brief indicating that there are no non-frivolous issues that may be raised on appeal. See Anders v. California, 386 U.S. 738, 744 (1967). Counsel suggests that Macias-Nevarez may wish to argue that he was entitled to withdraw his plea based on the ineffective assistance of counsel, because trial counsel did not object to the adequacy of a Spanish-speaking interpreter that was used in the case. Macias-Nevarez was served with counsel's motion and brief, but he has not filed a response.
 
 
 5
 An independent review of the record reveals no substantial issues that would support an appeal in this case. The re-arraignment transcript indicates that Macias-Nevarez's guilty plea was valid and that the trial judge substantially complied with the requirements of Fed.R.Crim.P. 11. See Brady v. United States, 397 U.S. 742, 748 (1970); United States v. Stead, 746 F.2d 355, 356-57 (6th Cir.1984), cert. denied, 470 U.S. 1030 (1985). The trial court determined that Macias-Nevarez was competent to enter his plea. It also established that he understood the constitutional rights he was waiving, the nature of the charge and the consequences of his plea. Macias-Nevarez acknowledged the factual basis of his plea and clearly indicated that his decision to plead guilty was voluntary. In addition, Macias-Nevarez and his attorney both signed a plea agreement which indicated that his plea was voluntary and that he was aware of his constitutional rights. See Fed.R.Crim.P. 11(e).
 
 
 6
 A presentence investigation report indicated that Macias-Nevarez was subject to a sentencing guideline range of 70 to 87 months of incarceration. The defense did not object to this report, and it did not raise any specific legal arguments at sentencing. Thus, Macias-Nevarez has waived any arguments regarding his sentence, in the absence of plain error that affects his substantial rights. See United States v. Lowenstein, 1 F.3d 452, 454 (6th Cir.1993). No error is apparent here, as the 70-month sentence that Macias-Nevarez received was consistent with the plea agreement that he had signed. The sentence was clearly authorized by 8 U.S.C. § 1326(b)(1), and it was the minimum sentence available in the applicable guideline range.
 
 
 7
 The trial court then conducted a probation revocation proceeding arising from Macias-Nevarez's sentence for the prior conviction that had resulted in his deportation. The parties stipulated that Macias-Nevarez had violated the conditions of his probation, and the court imposed a sentence of six months of imprisonment. Despite counsel's objections, the court properly based its decision to make this sentence consecutive on the factors that are outlined in 18 U.S.C. § 3553(a). See 18 U.S.C. § 3584(b). Macias-Nevarez did not raise any other legal arguments at his revocation hearing, and there is no indication that the court committed plain error which affected his substantial rights. See Lowenstein, 1 F.3d at 454.
 
 
 8
 After sentencing, Macias-Nevarez filed a pro se motion to withdraw his plea, alleging that trial counsel had been ineffective because counsel did not object to the adequacy of the interpreter that was used in his case. The district court properly held that it lacked jurisdiction to rule on this motion because it was filed after Macias-Nevarez filed his appeal. Appellate counsel now suggests that Macias-Nevarez may wish to raise these arguments on appeal. However, the present record does not indicate that trial counsel's performance was constitutionally deficient. Therefore, any Sixth Amendment claim that Macias-Nevarez might assert would properly be raised in a motion to vacate his sentence under 28 U.S.C. § 2255, rather than on direct appeal. See United States v. Seymour, 38 F.3d 261, 263 (6th Cir.1994).
 
 
 9
 Moreover, an interpreter was available to Macias-Nevarez in all of his court appearances. See 28 U.S.C. § 1827(d)(1)(A). Thus, the relevant question is whether the alleged failure to provide adequate translation services made the proceedings fundamentally unfair. See United States v. Sanchez, 928 F.2d 1450, 1455 (6th Cir.1991). Macias-Nevarez alleged that he was unable to hear or understand the interpreter and that he did not understand the charge against him. However, these allegations are not supported by the re-arraignment transcript, which shows that Macias-Nevarez spoke a little English, that he understood what the interpreter was saying to him in Spanish and that he had no problem understanding her. The trial judge also advised Macias-Nevarez to let the court or the interpreter know if he did not understand what was being said, and he did not do so. In addition, the transcript and the plea agreement both clearly indicate that Macias-Nevarez understood the charge. Under these circumstances, his allegations regarding the adequacy of the interpreter do not provide an arguable basis for relief. See id. at 1455-56; Valladares v. United States, 871 F.2d 1564, 1566 (11th Cir.1989).
 
 
 10
 No other potential error is apparent from the present record.
 
 
 11
 Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation