98 F.3d 1343
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Nicholas A. CHAMBOS, Defendant-Appellant.
 No. 95-4205.
 United States Court of Appeals, Sixth Circuit.
 Oct. 9, 1996.
 
 Before: LIVELY, BOGGS, and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Nicholas A. Chambos appeals his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Chambos pleaded guilty to bank fraud, in violation of 18 U.S.C. § 1344, pursuant to a negotiated plea agreement. The district court departed downward from the applicable guideline range of 12 to 18 months in prison to be served consecutively to an undischarged term of imprisonment and imposed a four month sentence of "incremental punishment" to run consecutively to a prior undischarged term of imprisonment which Chambos was serving for a federal case in another district, pursuant to USSG § 5G1.3. The district court also imposed a term of three years of supervised release and ordered Chambos to pay $10,000 in restitution.
 
 
 3
 On appeal, Chambos's counsel has filed a motion to withdraw and a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Although believing the appeal to be without merit, counsel submits that the district court may have erred in the way it computed the monetary loss for the purpose of determining the offense level. Chambos has also filed a supplemental pro se brief in which he essentially reiterates counsel's argument and challenges the manner in which the district court computed the monetary loss for the purpose of determining the offense level. Chambos, however, does not oppose his attorney's motion to withdraw.
 
 
 4
 Upon review, we conclude that this claim as submitted by both defense counsel and Chambos in his own pro se brief is meritless for three reasons. First, the court does not have jurisdiction to entertain this claim. Second, Chambos affirmatively waived his right to appeal. Finally, Chambos is barred from asserting his claim on appeal because he did not object to his sentence in the district court.
 
 
 5
 This court does not have jurisdiction to entertain this claim because Chambos argues that the district court's downward departure was insufficient. A defendant may challenge on appeal only the sentencing court's application of the guidelines, an upward departure therefrom, or the court's mistaken belief that it could not exercise discretion to depart downward. United States v. Maddalena, 893 F.2d 815, 817 (6th Cir.1989), cert. denied, 502 U.S. 882 (1991). This court has refused to accept jurisdiction where the appellant argues that the sentencing court's downward departure is insufficient. United States v. Gregory, 932 F.2d 1167, 1168-69 (6th Cir.1991). In this case, the district court departed from the previously agreed to guideline range of 12-18 months and imposed a concurrent sentence of four months. Thus, since the alleged misapplication of the fraud loss sentencing guideline results in a sentence lower than is authorized by the guideline range, this court does not have jurisdiction to entertain this claim.
 
 
 6
 Chambos affirmatively waived his right to appeal his sentence. Chambos agreed that he would receive a sentence of 12 to 18 months to be served consecutively with his undischarged imprisonment. Chambos signed a written plea agreement whereby he reserved the right to appeal his sentence only in the event that the district court departed upward from the applicable sentencing guideline range. The district court did not depart upward from the applicable sentencing guideline range. Rather, the district court's sentence represented a substantial downward departure from the applicable and agreed upon guideline range of 12 to 18 months. Inasmuch as Chambos understood the terms of the plea agreement when he voluntarily executed it, he cannot now be excused from the plain meaning of his contract. See United States v. Ashe, 47 F.3d 770, 775-76 (6th Cir.), cert. denied, 116 S.Ct. 166 (1995).
 
 
 7
 Chambos is barred from asserting that the district court misapplied the Sentencing Guidelines because he did not first present the argument to the district court as required under 18 U.S.C. § 3742(a). A defendant must first present the claim in the district court before this court can entertain the alleged misapplication of the Sentencing Guidelines on appeal. United States v. Nagi, 947 F.2d 211, 213 (6th Cir.1991), cert. denied, 504 U.S. 958 (1992). If a defendant does not object in the district court to an alleged sentencing error, the standard of review is for "plain error" that offends the defendant's substantial rights. See United States v. Lowenstein, 1 F.3d 452, 454 (6th Cir.1993). The record reveals that Chambos not only declined to object to the sentencing court's application of USSG § 5G1.3, but affirmatively concurred with the court's sentencing methodology. Chambos cannot now argue on appeal that the district court erred. See Nagi, 947 F.2d at 214. Moreover, the district court's failure to address the asserted misapplication of the Guidelines is not "plain error" because both sides agreed to the application of § 5G1.3 and the district court's sentencing methodology. See id. at 213.
 
 
 8
 We have further examined the record in this case, including the transcripts of Chambos's guilty plea and sentencing hearings, and conclude that no reversible error is apparent from the record.
 
 
 9
 Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.