**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-3689WM

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Patrick L. Bark, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: April 15, 1997
Filed: August 5, 1997

_____

Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

After pleading guilty to charges that he sold firearms without requiring valid permits and without keeping proper records and that he made sales to convicted felons, Patrick L. Bark challenges the 71-month sentence imposed by the district court. We affirm.

Bark contends the district court improperly enhanced Bark's sentence under U.S. Sentencing Guidelines Manual § 2K2.1(b)(5) (1995) ("U.S.S.G."). We disagree. Subsection (b)(5) requires a four-level enhancement if the district court finds that a defendant transferred a firearm with "knowledge, intent, or reason to believe that it

would be used or possessed in connection with another felony offense." Bark sold an extraordinarily large number of guns (1,334 handguns and 25 long guns) at inflated prices, knowing some of his customers were convicted felons and turning a blind eye to the status of the others, without obtaining the required forms and filling out other forms falsely, and over 200 of Bark's guns were recovered during later crime investigations ranging from carrying a concealed weapon to homicide. In these circumstances, we conclude the district court's finding that Bark knew or had reason to believe the firearms would be used in connection with another felony offense was not clearly erroneous. See United States v. Martin, 78 F.3d 808, 811 (2d Cir. 1996).

Bark also contends for the first time on appeal that the district court erroneously failed to give him notice of its intent to depart upward from the Guidelines range because of the large number of firearms involved. See Burns v. United States, 501 U.S. 129, 138-39 (1991). We agree. Because Bark failed to object to the lack of notice at the sentencing hearing, we review the failure to provide notice for plain error. See United States v. McCarthy, 97 F.3d 1562, 1580 (8th Cir. 1996), cert. denied, 117 S. Ct. 1011, 1284 (1997); United States v. Lowenstein, 1 F.3d 452, 454 (6th Cir. 1993). We may correct a plain error that affects substantial rights. See FED. R. CRIM. P. 52(b). Before an error may be viewed as affecting substantial rights, however, a defendant ordinarily must make a specific showing of prejudice. See United States v. Olano, 507 U.S. 725, 735 (1993).

We conclude Bark has failed to show the district court's error was prejudicial. See Lowenstein, 1 F.3d at 454; c.f. United States v. Otis, 107 F.3d 487, 489 (7th Cir. 1997). Despite Bark's contention he was denied the opportunity to rebut the factor relied on by the district court, Bark does not dispute the relevant factual statements in the presentence report or assert he did not illegally sell in excess of 1,000 firearms.

Even if we assume Bark has shown a clear error affecting his substantial rights, see Olano, 507 U.S. at 732-35, we decline to exercise our discretion to correct the

error, see United States v. Robinson, 110 F.3d 1320, 1324 (8th Cir. 1997). The district court based its departure decision on a listed factor that encourages departure, see U.S.S.G. § 2K2.1 n.16, and the factual basis for the departure was undisputed. Additionally, the number of weapons involved here significantly exceeded the threshold level for an upward departure. See id. Finally, Bark agreed in his plea agreement that a sentence within the range of 57-71 months was in keeping with his criminal activity.

We affirm the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.