**UNITED STATES of America,**

v.

**Edgardo COLON, Defendant.**

**No. 00CR10029–NG.**

United States District Court, D. Massachusetts.

Oct. 5, 2001.

James H. Budreau, Oteri Weinberg & Lawson, Boston, MA, for Edgardo Colon aka Galdi, Defendants.

William F. Sinnott, United States Attorney's Office, John A. Wortmann, Jr., U.S.Attorney's Office, Boston, MA, for U.S.

### AMENDED ORDER RE: SEVERANCE

GERTNER, District Judge.

This Order is hereby issued to Amend my original Order of October 1, 2001. The order is the same other than minor typographical errors that have been corrected.

Edgardo Colon is charged with conspiracy to distribute heroin, under 21 U.S.C. § 846, and three substantive counts of heroin distribution. The conspiracy charge, consistent with *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), expressly alleges the distribution of more than 100 grams of heroin. As a result, if convicted, the defendant faces a five year minimum mandatory sentence.

In a pleading, dubbed "Motion for Change of Plea Hearing/Conference," Mr. Colon indicated that he was willing to "plead guilty to the substantive counts and have the Court sentence him appropriately base [sic] on any attributable relevant conduct." He was also willing to plead guilty to his participation in the conspiracy, but not to the specific quantity alleged in the indictment—more than 100 grams of heroin.[1] He wants to get the benefit of the "acceptance of responsibility" departure under the guidelines, United States Sentencing Commission, *Guidelines Manual*, § 3E1.1 (November 2000), with respect to the counts to which he will plead guilty, reserving his rights with respect to the rest. *See, e.g. United States v. Guerrero–Cortez*, 110 F.3d 647, 653–56 (8th Cir.1997) (trial court's refusal to grant three-point reduction for acceptance of responsibility clearly erroneous where defendant offered to plead guilty to drug offenses involving two kilograms of cocaine, prosecutor refused to accept plea unless defendant admitted involvement with five kilograms and judge found defendant responsible at sentencing for only two kilograms.)

Pre–*Apprendi*, when allegations about drug quantity were typically not included in indictments, the defendant could have pled guilty to the elements of conspiracy, reserving quantity issues for sentencing.[2] The government did not have to agree. The decision was for the defendant, and ultimately the Court. Since *Apprendi*, with drug quantities included in indictments, and treated as the functional equivalents of offense elements, the defendant's options have been narrowed. Without government approval, the defendant cannot agree to plead to less than all the elements of the offense (like pleading to the lesser included offense of manslaughter on a murder indictment).

Here, the government takes an "all or nothing" position in two respects. First, it insists that the defendant must plead to the conspiracy counts *and* the substantive counts. It opposes a severance which would allow the defendant to plead to the substantive counts, be sentenced on them, and then proceed to the conspiracy counts (assuming the Court allows the conspiracy trial to follow the sentencing).

Second, it insists that the defendant plead to the entire conspiracy count. It will not agree to allowing Colon to plead to so much of the conspiracy count as alleges distribution under 100 grams. Nor will it allow the defendant to plead to elements of conspiracy—minus quantity—and try the quantity before the Court in a bench trial.

I will **ALLOW** the severance under Rule 14, Fed. R.Crim.P.[3] The government's position, opposing severance, is nothing short of extraordinary.

First, it urges against severance because severance would "squander precious judicial resources and delay ultimate resolution of the case." Spending judicial resources on determining the truth of the allegations about quantity is hardly

---

1. He claimed he lacked information to determine how the government came to this figure.

2. The standards for determining the amount of drugs for which an individual defendant was responsible under the Sentencing Guidelines, USSG § 1B1.3, were different from, and in some respects more stringent than, the standards for determining participation in a conspiracy.

3. Rule 14 provides:

   If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

"squandering" them. Taking the time to allow a defendant to claim the rights the Constitution and *Apprendi* offers him hardly represents an unnecessary delay. Indeed, if the government is so concerned about delay and judicial resources, there is a clear alternative: A jury waive trial on the contested issues. But a jury waive trial requires the government's consent, something it has been unwilling to give.

Second, the government claims, there is no prejudice under Rule 14 as matter of law, "because of [Colon's] desire to avoid a trial on the [conspiracy] charge . . . cannot be the kind of 'prejudice' cognizable under Rule 14." Defendant, it claims indignantly, "does not like the scope of the charges against him in the Second Superceding Indictment," implying that this is nothing more than a strategic dodge. But the government's disparaging tone notwithstanding, defendant's position is entirely legitimate: He disputes the quantity of drugs the government would attribute to him. He puts the government to its proof on this matter.

This would not be the first time that a defendant went to trial on the aggravated offense in order to litigate his or her participation in a lesser included one. Why is it a "strategic" decision for the defendant to admit to the crime he committed, but contest the crime he claims he did not? This should be precisely what the Federal Rules of Criminal Procedure and the Federal Sentencing Guidelines encourage. And why is the government's decision—to force a plea here rather than litigate the contested issues—any less "strategic"?

The government notes that there is no precedent for severance in cases like this. True enough. But the rules are being rewritten after *Apprendi.* A decision that was intended to increase the due process protection for the defendant cannot be transformed by government fiat into a new bludgeon to coerce guilty pleas. Before *Apprendi,* it was entirely appropriate for a defendant to plead to conspiracy and litigate drug quantity at sentencing.[4] By requiring that drug quantity be treated as the functional equivalent of an "element of the offense," the Court intended to increase the due process protections offered to the defendant. A factor that has the

---

**4.** *See United States v. Lacy,* 99 F.Supp.2d 108, 116 (2000), the defendant litigated the issue of quantity at sentencing. At that time, I expressed concerns about determining quantity through the testimony of cooperating witnesses, whose records for truthfulness were not impressive. I noted:

> Given the significance of this factor [drug quantity], I had serious concerns about the nature of the government's proof. . . . The government offered three witnesses and one videotape. Two of the three witnesses are cooperating witnesses, one an undercover officer. Based on the testimony of Officer Brown, the undercover officer, the only testimony I credit, I agree with the government that more than four grams were involved, but I cannot find more than five grams by a preponderance of the evidence. The two cooperating witnesses have powerful incentives to "please" the government; they are themselves facing substantial terms

of imprisonment on account of the same offenses as Mr. Perry. And while it may be one thing to say that the witnesses are believable enough to substantiate that drug dealing occurred—of that there is no doubt—it is not at all clear that these witnesses are believable enough to testify about specific quantities. They obviously kept no records. Many were addicts, largely in a fog through much of their own transactions. They were hardly the most precise observers, let alone the most truthful witnesses.

> While I appreciate the government's oft expressed dilemma, that they cannot rely on seminary students for their witnesses, where sentencing depends so heavily on this gram or that gram of crack cocaine, where so much depends upon whether drugs were sold once a week or twice a week, I must be particularly careful.

significance of drug quantity, that can trigger a mandatory minimum sentence of five years, according to *Apprendi*, must be subject to the highest due process protections, a jury trial and the beyond a reasonable doubt standard.

If the net effect of the government's *strategic* decisions is to block meaningful access to those rights, then it is incumbent on the Court to step into the breach. To deny a severance here would be to burden the very trial rights announced in *Apprendi*. In fact, if the Court does *not* provide these procedural safeguards, then the ominous predictions of one commentator could come true:

> [T]he ... right to a jury trial ... undermines defendants' rights to hearings in the world of guilty pleas. In giving the right to contest enhancements at the first trial, the Court took away the right to contest enhancements at sentencing after pleading guilty. The real harm to defendants comes from depriving them of this hearing. The incentives to plead guilty are so powerful that the first trial right is merely theoretical for vast classes of defendants.... Because defendants have no unilateral right to waive juries and have bench trials, prosecutors can prevent judges from mitigating sentence enhancements ... Defendants are left with trial rights they cannot afford to exercise. In exchange for these trial rights, they have been robbed of colorable sentencing issues. Before the elements rule, they could have contested these issues at sentencing while pleading guilty. They must now surrender hearings on these issues with their guilty pleas, because they

must plead guilty to every element of each offense.

Stephanos Bibas, "Judicial Fact-finding and Sentencing Enhancements in a World of Guilty Pleas," 110 Yale L.J. 1097, 1158 (2001). To this judge, that is prejudice enough.

The government is concerned about the impact of severance on other defendants. Kenny Cruz, whom the government contends had a lesser role than Colon, has pled to 400–700 grams and has been sentenced. The government represents that Roberto Pagan has agreed that he is responsible for 1,000 grams of heroin.

The Court is troubled as well. But to the extent that the outcomes in these cases are different, it is attributable to different lawyers, and apparently, different positions taken by the government.[5]

If other defendants who have not pled guilty wish to contest their role in the conspiracy, they can do so at a joint trial on the conspiracy issues.

Finally, the government says a Rule 14 severance is not available as a matter of fact "because of the evidence against" Colon. There are three hand-to-hand sales to an FBI cooperating witness (which Colon admits). Colon allegedly told the cooperating witness that he worked with his brother Wilfredo and gave the cooperating witness Wilfredo's pager number. Thereafter, the cooperating witness dealt with Wilfredo Colon and then Antonio Santiago. During these transactions Wilfredo Colon and Antonio Santiago referred to Edgardo Colon as one of their partners. Other conspiracy members told witnesses that the group was distributing up to 300 bags a day for Santiago.

---

5. The government noted in its Supplemental Memorandum, at n. 3 that Antonio Santiago, whom the government claims is Colon's partner, has pleaded guilty and "reserved the right to contest drug weight in excess of 100 grams." Apparently, the government had no problem—for its "strategic" purposes—offering one defendant a deal that it would not offer Colon, namely, reserve quantity for sentencing.

If the evidence is so clear, then the government should have no problem meeting its burden at a trial of these charges. I refuse to prejudge the evidence against the defendant, or worse, undermine his ability to contest it.

**SO ORDERED.**