**UNITED STATES of America,**

v.

**Selvin CAMPO, Defendant.**

**No. CRIM. 02–10287–NG.**

United States District Court,
D. Massachusetts.

Jan. 15, 2004.

Cynthia W. Lie, United States Attorney's Office, Boston, MA, for Plaintiff.

Paul J. Garrity, Law Office of Paul J. Garrity/Hrones & Garrity, Jessica Diane Hedges, Hrones & Garrity, Boston, MA, for Defendants.

## MEMORANDUM AND ORDER RE: MOTION TO SEVER

GERTNER, District Judge.

This case raises substantial questions about the role of a motion pursuant to Rule 14 Fed. R.Crim. Pro. for relief from prejudicial joinder in the post-United States Sentencing Guidelines ("U.S.S.G.") and post-*Apprendi* world.[1] Defendant Selvin Campo is the sole defendant in a seven count indictment. Count one charges a conspiracy "with persons unknown" to distribute at least 500 grams of cocaine. Counts 2 through 7 charge the defendant with six distributions of cocaine beginning in August 4, 1999, and ending on January 5, 2001.

The government represented that the conspiracy charge was based only on the facts presented in the substantive counts, namely six drug sales. It concedes that it has no other evidence apart from these events—no evidence of sales on other occa-

---

**1.** *Apprendi v. New Jersey,* 530 U.S. 466, 120     S.Ct. 2348, 147 L.Ed.2d 435 (2000).

sions by this defendant, no evidence of the sales by codefendants on other occasions, indeed, no codefendants whatsoever.

The government's purpose is clear: The substantive counts—grouped together under the guidelines—would yield one sentencing range. According to the government's most recent submission, the amount at issue is 737.1 grams of cocaine, or a level 26 under the Federal Sentencing Guidelines. Depending upon other factors, including Campo's criminal history, he could be sentenced to as little as 63 months.

But by charging a conspiracy in addition to the substantive counts, albeit a conspiracy covering exactly the same conduct, with "persons unknown," the defendant faces a mandatory minimum sentence of at least five years under 21 U.S.C. § 841(b)(1)(B)(ii), and ten years, if he has previously been convicted of a felony drug offense. Presumably, the decision to charge in that fashion follows from the Department of Justice policy requiring that prosecutors charge and pursue "the most serious, readily provable offense or offenses that are supported by the facts of the case."

Defendant, at my invitation (see Order dated December 9, 2003), moves to sever the conspiracy count from the six substantive counts under Rule 14 Fed. R.Crim. Pro. He indicates that he is willing to plead to the six counts but not the conspiracy count. Were he to do so, he would be entitled to three points for "acceptance of responsibility" under § 3E1.1. At the same time, he wants to defend himself against the conspiracy count at trial. From what I can determine at this juncture, his posi-

tion is entirely reasonable. The conspiracy count is defensible.

The government counters that Rule 14 is only about trial prejudice, the impact of the joinder of counts on the jury's deliberation. Since evidence of the substantive offenses would be admissible at the conspiracy trial, severance would make no difference.

The government is in error. Rule 14 contains no such limitation. Nor should it.

■ The Rule provides:

a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to *prejudice* a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief *that justice requires.* (Italics supplied.)

Nothing in the plain language of the Rule suggests that the only prejudice with which the Rule is concerned was trial prejudice, as opposed to prejudice at sentencing. This rule is about discretionary relief, the relief that a trial judge determines "justice requires." *See United States v. Colon,* 165 F.Supp.2d 67 (D.Mass.2001).[2] Thus, judges have been upheld when they have severed trials because of logistical difficulties in trying large numbers of defendants together, *see United States v. McManus,* 23 F.3d 878, 882 (4th Cir.1994), or because of concerns about "judicial economy," *see United States v. Cianciulli,* 476 F.Supp. 845 (E.D.Pa.1979). The reasons for severing here are far, far more compelling than logistics or judicial economy.

To be sure, most of the case law to date is concerned with trial prejudice rather than sentencing prejudice.[3] That was be-

---

**2.** As the Advisory Committee Note to Rule 14 indicates:

This rule is a restatement of existing law under which severance and other similar relief is entirely in the discretion of the court, 18 U.S.C. § 557 (Indictments and

presentment, joinder of charges) [citing cases] ...

**3.** This is not entirely true since joinder of offenses sometimes implicate Double Jeopardy issues concerning multiple punishments

cause in the days predating the federal sentencing guidelines, the kind of situation presented here simply did not arise. Like it or not, the federal sentencing guideline present entirely new vistas for prejudice and unfairness.

Rule 14, and this decisional law, was drafted during the hey day of indeterminate sentencing. See Gertner, *Circumventing Juries, Undermining Justice: Lessons from Criminal Trials and Sentencing*, 32 Suffolk L.Rev. 419, 422 (1999). The sentencing consequences of a given jury verdict were not necessarily clear. The judge, after all, had discretion to sentence within a broad range, to run sentences consecutively or concurrently, and how much additional punishment to mete out for conspiracy convictions.

But where the jury's verdict has determinate consequences, as under the United States Sentencing Guidelines, or the various mandatory minimum sentencing provisions, the issues have changed. The government can pile on charges that are technically appropriate under Rule 8, and force the defendant to "take it or leave it," that is, plead to all charges or go to trial on all charges. If the defendant opts to go trial, and is convicted, the government will surely argue that the Court has "no choice" but to sentence within a given mandatory minimum range, or to impose consecutive time, or to refuse an acceptance of responsibility reduction.[4] In many—perhaps too many—instances that will be true. In the final analysis, the sentencing outcome may depend less upon what the defendant deserves than on what the prosecutor has decided to charge.

■ In the instant case, defendant has a defense to one count, and an important one at that since it carries a mandatory minimum sentence. He does not wish to plead guilty to it; he wishes to stand on his constitutional rights as he has every right to do. The government claims that there is nothing to contest on the conspiracy claim, that once Campo admits to the distribution counts the show, as they say, is

---

for the same offense. No such issue is raised here.

4. Note 1(h) to § 3E1.1 provides that "[i]n determining whether a defendant qualifies for [a reduction for acceptance of responsibility], appropriate considerations include ... (g) the timeliness of the defendant's conduct in manifesting the acceptance of responsibility." Note 2 states:

This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a consti-

tutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.

At the same time, it is clear that it is more difficult for a defendant who chooses to go to trial to prove "acceptance of responsibility." *United States v. Guadagno*, 766 F.Supp. 617, 619 (N.D.Ill.1991). *See also, United States v. Saunders*, 973 F.2d 1354, 1362 (7th Cir.1992) rev'd on other grounds, 92 F.3d 1188 (7th Cir.1996) (implying that if the acceptance of responsibility provision was completely unavailable to defendants electing to go to trial, constitutional problems involving one's right to trial may emerge); *United States v. Rodriguez*, 959 F.2d 193, 198 (11th Cir.) (vacating a sentence where the sentencing judge expressly made the acceptance of responsibility reduction dependant on the defendant's decision whether to go to trial), cert. denied, 506 U.S. 1011, 113 S.Ct. 649, 121 L.Ed.2d 563 (1992).

over, but that is not necessarily clear. The government, after all, has to prove beyond a reasonable doubt, *inter alia,* that Campo conspired with one or more persons, when the indictment does not identify any other person, when the core charges involve the distribution of cocaine on six occasions. Surely, it is available to the defendant to challenge whether this is the kind of situation to which the conspiracy law applies.

As to the other counts, Campo wishes to take responsibility for his conduct and plead guilty. Severance will make a difference here in terms of the justice of the proceeding, enabling him to challenge one part of the charge against him, and concede the rest.

Obviously, the government has a right to make charging decisions so long as it does so within the constitutional limits. *See e.g. United States v. Armstrong,* 517 U.S. 456, 465, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996). To use the vernacular, the government is in the *"charging"* business. But this Court is in the *justice* business, and justice demands a severance.

Therefore, for the reasons stated above, Defendant's Motion to Sever [document # 35] is **GRANTED.**

**SO ORDERED.**