UNITED STATES of America, Plaintiff–Appellee,

v.

Frank Edward ABBOTT, Defendant–Appellant.

No. 93–2529.

United States Court of Appeals, Seventh Circuit.

Argued April 8, 1994.

Decided July 20, 1994.

juana in violation of the same statute; (3) possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1); and (4) use of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). After a jury trial he was convicted on all four counts. Defendant was sentenced to prison for 262 months on Counts 1 and 3, 60 months on Count 2 (to be served concurrently with the sentence for Counts 1 and 3), and 60 months on Count 4 (to run consecutive to the terms imposed for the other counts), for a total of 322 months. Defendant now appeals both his conviction and his sentence.

## I.

Dissatisfied with his trial attorney, defendant presented his own, handwritten, objections to the presentence report. Although never stating so explicitly, Abbott's objections clearly indicated that he believed that the presentence report over-represented his criminal history: he complained, for example, that certain of the crimes used in determining his criminal history points were committed in his youth or were petty crimes related to his substance addictions. He repeated these objections at his sentencing hearing.

The district court apparently shared Abbott's belief that his criminal record as depicted in the presentence report exaggerated the seriousness of his criminal conduct. The court made clear that it " 'd[id] not consider Mr. Abbott to be a villainous criminal ...,' " but instead believed that " 'defendant's prior record illustrates impulsive, alcohol related behavior.' " (R. 83, quoting from presentence report). The court, however, concluded that despite its misgivings about the appropriateness of the sentence, it was not authorized by the Sentencing Guidelines to reduce Abbott's sentence to reflect its belief that Abbott was not a villainous criminal.[1] The court therefore adopted the conclusions of the presentence report and sentenced Abbott to 322 months incarceration.

■■■ The Sentencing Guidelines, however, permit a district court judge to depart

Lawrence Beaumont, Office of U.S. Atty., Danville, IL (argued), for plaintiff-appellee.

Elizabeth Caddick, Springfield, IL (argued), for defendant-appellant.

Before CUMMINGS and RIPPLE, Circuit Judges, and TINDER, District Judge.[*]

CUMMINGS, Circuit Judge.

In January 1993, a grand jury brought a four-count indictment against defendant Frank Abbott, charging him with (1) possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1); (2) possession with intent to distribute mari-

---

[*] The Honorable John D. Tinder of the Southern District of Indiana is sitting by designation.

[1]. "This [sentence]," Judge Baker noted, "perhaps is another illustration of the lack of wisdom in mandatory minimum sentences, but I cannot take it upon myself to change the law that Congress has written because I think it is an inappropriate disposition. That, in sum and substance, is the reason for this court imposing the sentence. Congress has told me that I must." (R. 83).

from a recommended sentence if he believes that a defendant's criminal history category significantly over-represents the seriousness of his criminal record or the likelihood that he will commit further crimes. U.S.S.G. § 4A1.3. Because a sentencing court is not obligated to state its reasons for refusing to depart from a sentence within the Guideline range, *United States v. Brown,* 985 F.2d 478, 481 (9th Cir.1993), this Court would ordinarily assume that the district court's failure to utilize a Guideline provision available to it, indicated that it had considered and rejected its application. Here, however, the district court made it known that it believed that it did not have the authority to depart from what it considered an inappropriate sentence. And since under § 4A1.3 the district court did in fact have the authority to depart from the sentencing range otherwise prescribed by the Guidelines, Abbott's sentence is vacated and this cause remanded to the trial court for it to determine whether a downward departure is appropriate. *United States v. Shoupe,* 988 F.2d 440, 445–47 (3d Cir.1993) (remanding case where district court erroneously believed that it did not have the power to depart under U.S.S.G. § 4A1.3); *United States v. Beckham,* 968 F.2d 47, 53 (D.C.Cir. 1992) (same); *United States v. Adkins,* 937 F.2d 947, 953 (4th Cir.1991) (same).

We neither express nor intend to imply an opinion on the propriety of departure in this case. Departure under U.S.S.G. § 4A1.3 is appropriate when a district court determines that a defendant's criminal history category *significantly* over-represents the seriousness of his past conduct. While the district court has made it clear that it does not believe Abbott to be a villainous criminal, the court may nevertheless find that the criminal history category indicated by the presentence report substantially reflects the seriousness of the defendant's past convictions.

### II.

One of the government's witnesses against defendant was Frank Strong, whose testimony tended to support the government's claim that defendant possessed a firearm and used it in connection with drug trafficking (Counts 3 and 4). Abbott claims that Strong's testimony was tainted because prior to testifying he was housed in a cell near Michael Jenkins, a government trial witness who had described his own testimony against Abbott to Strong. There is nothing in the record to support Abbott's claim that this conversation actually occurred, and he offers no indication of how he believes this alleged conversation prejudiced his case. His claim is, therefore, without merit.

Defendant also contends that he was prejudiced by the court's refusal to exclude witnesses pursuant to Federal Rule of Evidence 615. However, he never moved to exclude any witnesses and therefore waived any argument regarding the district court's failure to remove witnesses from the courtroom. Moreover, as defendant acknowledges, the court eventually ordered the exclusion of all witnesses.

Finally, this Court has considered all other objections to his sentence and conviction made by defendant here and in the district court and has concluded that they are without merit.

Defendant's sentence is vacated and the cause is remanded for resentencing.