37 F.3d 1501
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
John T. WAITE, Defendant-Appellant.
 No. 94-2055.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 12, 1994.
Decided Oct. 21, 1994.
 
 Before CUMMINS, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Following the return of an eleven-count superseding indictment by a federal grand jury, John Waite pleaded guilty pursuant to a plea agreement to one count of wire fraud, 18 U.S.C. Sec. 1343; two counts of bank fraud, 18 U.S.C. Sec. 1344; and one count of money laundering, 18 U.S.C. Sec. 1957. The district court imposed a term of imprisonment of 33 months which was within the applicable guideline range. On appeal, Waite asserts that the district court improperly denied him the opportunity to argue for a downward departure based on the amount of money allegedly involved in the bank and wire fraud counts. We dismiss for lack of jurisdiction. United States v. Bolin, No. 93-3918, slip op. at 8 (7th Cir. Sept. 13, 1994).
 
 
 2
 To understand the nature of Waite's argument, it is necessary to briefly summarize the district court's sentencing calculations. First, the district court added together the monetary losses involved in the bank and wire fraud counts pursuant to U.S.S.G. Sec. 3D1.2(d). The Probation Office calculated $2,250,129.45 in total losses which increased the base offense level for fraud by 12 levels. U.S.S.G. Sec. 2F1.1(a), (b)(1)(M). Waite also received a two-level enhancement for "more than minimal planning" so that his adjusted offense level was 20. U.S.S.G. Sec. 2F.1.1(b)(2)(A). Next, the base offense level for money laundering was raised two levels each for the value of the funds involved, approximately $275,000, and because the defendant knew the funds were the proceeds of another unlawful activity. U.S.S.G. Secs. 2S1.1(b)(2)(C), 2S1.2(a)-(b). Thus, the adjusted offense level for the money laundering count was 21. Finally, the court grouped the fraud and money laundering counts together and applied the guideline which produced the higher offense level, money laundering. U.S.S.G. Sec. 3D1.2(d), 3D1.3(b).
 
 
 3
 At sentencing, defense counsel contested the PSI's calculation of the monetary losses relating to the fraud counts. The district court did not resolve the dispute concerning the financial losses because even accepting the government's figure, the adjusted offense level for the three counts of fraud would not be higher than 20, and therefore, U.S.S.G. Sec. 2S1.2, money laundering, would remain the controlling guideline. Counsel subsequently requested a downward departure on the ground that the financial losses incurred by the various victims was far less than what the government determined. Although the district court did not explicitly reject this request, it imposed a sentence within the guideline range.
 
 
 4
 Waite now claims that a downward departure should have been granted because the offense level for money laundering, unlike the base offense level for fraud, cannot be adjusted to accommodate the aggregate amount of money involved. Appellate jurisdiction to review a refusal to depart downward from the Sentencing Guidelines exists only where the district court erroneously concluded that it had no authority to depart. United States v. Abbott, 30 F.3d 71, 73 (7th Cir.1994); United States v. Schechter, 13 F.3d 1117, 1120 (7th Cir.1994). The district court had no authority to depart from the applicable guideline range based on the ground that Waite asserts.
 
 
 5
 The authority to depart from the applicable sentencing guideline range exists only where a mitigating or aggravating circumstance was not adequately taken into consideration by the Sentencing Commission in formulating the guidelines. 18 U.S.C. Sec. 3553(b); U.S.S.G. Sec. 5K2.0, p.s. The guideline for money laundering enhances the base offense level incrementally where the value of the funds involved exceeds $100,000. U.S.S.G. Sec. 2S1.2. Similarly, the guideline for fraud increases the base offense level where the victim's loss exceeds $2000. U.S.S.G. Sec. 2F1.1(b). Thus, because the applicable Guidelines consider the amount of money involved in the offenses, the district court has no authority to rely on this factor as an independent basis for a downward departure.
 
 
 6
 Waite attempts to circumvent this conclusion by arguing that the district court never determined the exact amount of loss involved in the fraud counts when calculating the appropriate guideline range. This argument, however, is without merit. If the defendant alleges any inaccuracy in the PSI, Federal Rule of Criminal Procedure 32(c)(3)(D) requires the court to "make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing." Fed.R.Crim.P. 32(c)(3)(D). After Waite claimed that the amount of loss was less than the $2.25 million calculated by the government and the U.S. Probation Office, the district court conformed with Rule 32(c)(3)(D) by correctly noting that a resolution of the dispute was irrelevant to the sentencing determination because the controlling guideline would remain U.S.S.G. Sec. 2S1.2 for money laundering. See Burns v. United States, 501 U.S. 129, 134 (1991) (Rule 32 "provides for focused, adversarial development of the factual and legal issues relevant to determining the appropriate Guidelines sentence."); United States v. Slaughter, 900 F.2d 1119, 1123 (7th Cir.1990). Accordingly, Waite does not establish any legitimate basis upon which the district court could have departed downward from the Guidelines. The appeal is therefore DISMISSED.