72 F.3d 132
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony D. WARD, Defendant-Appellant.
 No. 94-3235.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 18, 1995.[1]
Decided Dec. 11, 1995.
 
 Before POSNER, Chief Judge, and CUMMINGS and BAUER, Circuit Judges.
 
 ORDER
 
 1
 Pursuant to a written agreement; Anthony D. Ward pled guilty to armed bank robbery, 18 U.S.C. Sec. 2113(a), (d), and was sentenced to 58 months' imprisonment. Ward now challenges his sentence. One issue raised in this appeal is decided in a published opinion issued today in conjunction with this order, and that issue will not be discussed here.
 
 
 2
 Ward contends that the district court erroneously believed it lacked the authority to depart downward under Sec. 4A1.3 because the criminal history category over-represented the seriousness of Ward's criminal history, particularly in view of the second juvenile adjudication for theft of a bike. Ward maintains that, at most, he picked up a child's bike when several other youths dropped it, and when the owner's parent ordered him off the bike, Ward immediately abandoned the bike.
 
 
 3
 We lack jurisdiction to review a district court's discretionary decision not to depart downward, but can review to determine whether the court erroneously believed it had not authority to do so. United States v. Abbot, 30 F.3d 71 (7th Cir.1994). No one mentioned U.S.S.G. Sec. 4A1.3 at the sentencing hearing. That section permits the district court to depart from the otherwise applicable guidelines range if the defendant's "criminal history category significantly over-represents the seriousness of the defendant's criminal history or the likelihood that defendant will commit further crimes. * * * The court may conclude that the defendant's criminal history was significantly less serious than that of most defendants in the same criminal history category (Category II), and therefore consider a downward departure from the guidelines." U.S.S.G. Sec. 4A1.3.
 
 
 4
 Notwithstanding defense counsel's vagueness about whether the Guidelines permitted such a departure,[2] it was clear that the district court understood that it had the authority to do so, but refused counsel's request to depart downward. The court acknowledged that Ward (not the court) felt that the bike theft was too minor to warrant an increase in the criminal history category: "In your case the guidelines may seem to you in your circumstances to be overly harsh, particularly with regard to the matter of the bicycle that you were involved in some four years ago." But the court went on to explain that it needed to "balance your role in this offense as against your criminal history score as well as the cooperation that you gave...." (Tr. 15) The court found that the seriousness of the armed bank robbery particularly disturbing:
 
 
 5
 The fact of the matter remains though that the offense that you are before the court today on is among the most serious ... [A]ny time a firearm is involved in any sort of an offense, it totally changes the dynamic of the situation. And I have no doubt that one or more of those bank employees that witnessed you and your accomplices' activities back in April will carry the emotional scars of the trauma with them for the rest of their lives.... I am [also] somewhat troubled about the fact that you were the oldest of the individuals involved in this robbery." (Tr. 13-14)
 
 
 6
 The record shows, therefore, that the district court was aware that it could depart downward if the criminal history category exaggerated Ward's past crimes, but clearly declined to make such a departure. The court's general remark that the Guidelines "have virtually stripped away any discretion" cannot be used to negate the more specific, detailed comments quoted above.
 
 
 7
 Ward also argues that he received ineffective assistance of counsel at his sentencing hearing for several reasons. While we have often held that ineffective assistance claims should not be raised on direct appeal because the record is often insufficient to permit us to adequately review the claimed errors, see United States v. Phillips, 37 F.3d 1210, 1216 & n. 5 (7th Cir.1994), this record is sufficient for purposes of reviewing the three arguments raised on appeal. See United States v. Mojica, 984 F.2d 1426, 1452 (7th Cir.1993).
 
 
 8
 Under Strickland v. Washington, 466 U.S. 668, 687-91 (1984), defendant must show that counsel's performance was deficient as "measured against an objective standard of reasonableness" based on prevailing professional norms, and that but for counsel's unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different. Id.; see also Hill v. Lockhart, 474 U.S. 52, 58-61 (1985) (applied to guilty plea context.
 
 
 9
 Ward cannot succeed on his ineffective assistance claim because he cannot show prejudice; none of the arguments he wanted counsel to raise would have altered the results of the sentencing hearing. Defendant maintains that counsel should have objected to the use of the conviction of "possession of a dangerous weapon by a child" since it was a "juvenile status offense." We have rejected this argument in the published opinion that we are issuing in this case today. Ward also argues that his attorney should have been more articulate and pointed explicitly to Sec. 4A1.3 in arguing that the bike theft exaggerated his criminal history category. As we have explained above, a more explicit reference to that section would not have altered the district court's ruling.
 
 
 10
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [2]
 Defense counsel stated incorrectly that the guidelines "don't specifically talk about history computations that exaggerate the criminal history." (Tr. 6)