101 F.3d 110
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frank E. ABBOTT, also known as Eddie, Defendant-Appellant.
 No. 95-1049.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 16, 1996.
Decided Oct. 28, 1996.
 
 Before FAIRCHILD, COFFEY and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 In our order of June 12, 1996, we denied the motion to withdraw filed by counsel for defendant Frank E. Abbott, and directed counsel to address the validity of Abbott's conviction under 18 U.S.C. § 924(c) in light of the Supreme Court's supervening decision in Bailey v. United States, 116 S.Ct. 501 (1995). The parties have filed supplemental briefs, and for the reasons that follow, we reverse Abbott's conviction under § 924(c), vacate his sentence insofar as based on that conviction, and remand the case to the district court for modification of sentencing consistent with this order.
 
 
 2
 The facts of Abbott's case are fully discussed in our earlier decisions, United States v. Abbott, 30 F.3d 71 (7th Cir.1994) & United States v. Abbott, No. 95-1049 (7th Cir. June 12, 1996). Pertinent to this appeal is Abbott's conviction for use of a firearm in relation to a drug trafficking crime in violation of § 924(c). After Abbott's counsel moved to withdraw under Anders v. California, 386 U.S. 738 (1967), the Supreme Court issued its decision in Bailey, holding that "[a] defendant cannot be charged under § 924(c)(1) merely for storing a weapon near drugs or drug proceeds." 116 S.Ct. at 508.
 
 
 3
 We denied counsel's Anders motion based on a possible Bailey claim available to Abbott in challenging his § 924(c) conviction. Trial testimony in the case revealed only that a loaded semi-automatic pistol was found on top of a dresser next to drug paraphernalia and methamphetamine. There was no evidence in the record showing that Abbott ever brandished or fired that weapon in connection with his drug trafficking offense.
 
 
 4
 In its supplemental brief, the government concedes that the § 924(c) conviction cannot stand. We therefore reverse Abbott's conviction on this count and vacate any part of his sentence based on that conviction.
 
 
 5
 The government requests that the district court be permitted at resentencing to consider whether Abbott's possession of a firearm warrants an application of United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1(b)(1). That section provides for a two-level enhancement "[i]f a dangerous weapon (including a firearm) was possessed" by the defendant. The district court was unable to consider a § 2D1.1(b)(1) enhancement at Abbott's previous sentencing because such an enhancement would have been double-counting in light of Abbott's conviction on the § 924(c) count. U.S.S.G. § 2K2.4 comment. n. 2 & background. However, the prohibition against double-counting would not apply in the absence of a § 924(c)(1) conviction. For that reason, we remand the case to the district court to consider whether Abbott is subject to a § 2D1.1(b)(1) enhancement. United States v. Caldwell, --- F.3d ----, No. 95-3071, 1996 WL 566842, at * 7 (8th Cir. Oct. 7, 1996); United States v. Welch, --- F.3d ----, Nos. 95-3484, 95-3673, 95-3670, 95-3674, 95-3672, 95-3676, 1996 WL 557416, at * 6 (6th Cir. Oct. 2, 1996); United States v. Hawthorne, 94 F.3d 118, 122 (4th Cir.1996); United States v. Hernandez, 85 F.3d 1023, 1032 (2d Cir.1996); United States v. Lang, 81 F.3d 955, 963-64 (10th Cir.1996); United States v. Fennell, 77 F.3d 510, 510-11 (D.C.Cir.1996) (per curiam); see also Bailey, 116 S.Ct. at 509 (noting that § 2D1.1(b)(1) enhancement may be applicable in drug trafficking offenses where the firearm was merely "possessed" but not actively "used"); United States v. Pollard, 72 F.3d 66, 68-69 (7th Cir.1995) (observing generally that " § 2D1.1(b)(1) of the guidelines casts a wider net than § 924(c)").[1]
 
 
 6
 Accordingly, we REVERSE Abbott's § 924(c) conviction, VACATE his sentence insofar as based on that conviction, and REMAND the case to the district court for a determination of the government's sentencing enhancement request.
 
 
 
 [1]
 We note that Abbott's counsel has requested that he be discharged in the event of remand to the district court for resentencing. This request should be directed to the district court. See The Plan of the United States Court of Appeals for the Seventh Circuit to Supplement the Plans of the Several United States District Courts within the Seventh Circuit, § V, Duties of Appointed Counsel, p 5 ("Appointed appellate attorneys have a duty to continue to represent their clients after remand to the district court. An attorney appointed for the appeal who is unable to continue at the trial level should move in the district court for withdrawal and appointment of trial counsel.")