129 F.3d 119
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frank E. ABBOTT, Defendant-Appellant.
 No. 97-1233.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 17, 1997*
Decided Oct. 9, 1997.
 
 Appeal from the United States District Court for the Central District of Illinois, No. 93-CR-2006; Harold A. Baker, Judge.
 Before FAIRCHILD, COFFEY, and WOOD, Circuit Judges.
 
 ORDER
 
 1
 In April 1993, defendant Abbott was convicted of four counts: (1) possession with intent to distribute methamphetamine (21 U.S.C. § 841(a)(1)); (2) possession with intent to distribute marijuana (same provision); (3) possession of a firearm by a convicted felon (18 U.S.C. § . 922(g)(1); and (4) use of a firearm in relation to a drug trafficking crime (18 U.S.C § 924(c)). On appeal we affirmed the convictions but vacated the sentences. U.S. v. Abbott, 30 F.3d 71, 73 (7th Cir.1994). On remand Judge Baker imposed concurrent sentences on three counts (210 months total). He gave a consecutive sentence of 60 months on the use-of-firearm count.
 
 
 2
 Abbott again appealed (No. 95-1049). His court-appointed counsel filed a motion for leave to withdraw, accompanied by an Anders brief arguing that there was no issue which was not frivolous. Before we disposed of the motion, the Supreme Court of the United States decided Bailey v. United States, 116 S.Ct. 501 (1995), significantly changing the definition of "use" applied in this and other circuits in dealing with § 924(c). In an unpublished order dated June 12, 1996, we found several claims frivolous and determined "that the only potential issue for Abbott to raise on appeal is the validity of his § 924(c) conviction after Bailey." We denied counsel's motion for leave to withdraw and directed him to address the Bailey issue.
 
 
 3
 After briefs we decided the appeal by unpublished order dated October 28, 1996. As stated there, "the government concedes that the § 924(c) conviction cannot stand. We therefore reverse Abbott's conviction on this count and vacate any part of his sentence based on that conviction." We did not vacate the sentence insofar as based on the other counts. At the request of the government, we remanded the case "to the district court to consider whether Abbott is subject to a § 2D1.1(b)(1) enhancement" (based on possession of a dangerous weapon). We noted that this enhancement would have been double counting in the face of conviction of a § 924(c) offense, but would not be double counting in the absence of that conviction. Our order made it clear that the only change in the sentence which could result from the remand would have been the enhancement for weapon possession. We said, "we reverse Abbott's conviction under § 924(c), vacate his sentence insofar as based on that conviction, and remand the case to the district court for modification of sentencing consistent with this order." We did not order "resentencing."
 
 
 4
 On remand, the government recognized that under the circumstances the enhancement it had proposed would be meaningless. The Assistant U.S. Attorney put it, "Your Honor, I have discussed this with the probation officer and I agree with the probation officer's position. It's meaningless because the sentence was already enhanced to a level 34 based on his armed-career criminal status."
 
 
 5
 That satisfied the only purpose of the remand and should have ended the matter.
 
 
 6
 Abbott, however, asked for a departure based on his post-offense rehabilitative efforts which included completing a drug treatment program earning a two-year college degree, and holding a responsible job in prison. The district court denied the motion stating that it lacked the power to depart based on appellant's rehabilitative efforts. The district court stated further: "I might exercise it if I had it, but I don't believe the law as it exists gives me that power."
 
 
 7
 We offer no view on the availability of a downward departure on the basis of post-offense (and in this case post-sentencing) efforts at rehabilitation. In this case consideration by the district court of any change in the sentence except for the enhancement specified in our order would have exceeded and violated our mandate.
 
 
 8
 By coincidence a similar argument was made in counsel's Anders brief, and we adhere to the view stated in Part III of our order dated June 12, 1996. We repeat it here
 
 
 9
 Abbott also argues that the district court abused its discretion in refusing to allow him to raise any issue at resentencing that could have been raised at the first sentencing hearing. In support, Abbott relies on a Seventh Circuit case in which we indicated that the vacation of a sentence results in a "clean slate," affording the defendant the same rights that he had at the first hearing. See United States v. Barnes, 948, F.2d 325, 330 (7th Cir.1991).
 
 
 10
 Under 28 U.S.C. § 2106, we may issue general or limited remands to the district courts. United States v. Goudy, 78 F.3d 309, 316 (7th Cir.1996). Section 2106 authorizes us to " 'limit a [sentencing] remand to specific issue or to order complete resentencing." ' United States v. Young, 66 F.3d 830 (7th Cir.1995) (quoting United States v. Polland, 56 F.3d at 776, 777 (7th Cir.1995)).
 
 
 11
 Our remand order in Abbott I was narrow: we "vacated" Abbott's sentence and "remanded [the cause] to the trial court for it to determine whether a downward departure is appropriate." 30 F.3d at 73. In that order, we made clear that all of Abbott's other objections to the PSI regarding his sentence and conviction were "without merit." Id. The explicit language of that order limiting the inquiry on remand to a single question differs from the broad remand orders we have issued in other cases that "in no way constrained the scope of the issue the district court could consider on resentencing." Young, 66 F.3d at 836 (citing cases). The district court properly adhered to our mandate and did not err by declining to reconsider sentencing issues already decided by this court. See Polland, 56 F.3d at 779 & n. 1 (noting that although the district court could "begin anew in sentencing," the law of the case doctrine "remains applicable to sentencing issues in this Circuit").
 
 
 12
 United States v. Abbott, No. 95-1049, slip op. at 5 (7th Cir. June 12, 1996) (unpublished order).
 
 
 13
 The judgment appealed from is affirmed.
 
 
 
 *
 This is being decided as a successive appeal by the same panel that decided No. 95-1049. After an examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)