129 F.3d 1267
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Shane S. KESTER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-1654.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 22, 1997.*
Decided Oct. 27, 1997.
 
 Before FLAUM, RIPPLE and WOOD, Circuit Judges.
 
 ORDER
 
 1
 Shane S. Kester pleaded guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113 Two other counts of bank robbery were dismissed. In the plea agreement, however, Kester stipulated to having committed the robberies underlying the dismissed counts. Taking this conduct into account, the district court departed upward by two offense levels--elevating Kester's sentencing range from 57-71 months to 7( )-87 months--and sentenced Kester to 75 months' imprisonment.
 
 
 2
 Kester did not file a direct appeal. More than a year after his sentencing, he filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255. The district court denied the petition, reasoning that Kester's claims were procedurally defaulted by his failure to file a direct appeal and, alternatively, were meritless. We affirm.
 
 
 3
 In reviewing the district court's denial of a § 2255 petition, this court reviews questions of law de novo and factual findings for clear error. Grenada v. United States, 51 F.3d 82, 83 (7th Cir.1995), cert. denied, 116 S.Ct. 970 (1996). On appeal from the denial of his § 2255 motion, Kester contends that: (1) his due process rights were violated because the district court departed upward based on dismissed counts and did not give Kester adequate notice of its intention to depart upward; and (2) his counsel provided ineffective assistance by not objecting to the district court's upward departure or to the district court's failure to provide sufficient notice of its intent to depart upward, and by advising Kester that there were no issues to appeal.
 
 
 4
 The threshold issue is whether petitioner's claim that the district court erred in departing upward based on dismissed counts is cognizable in a § 2255 motion. Barring "extraordinary circumstances," an error in the application of the Sentencing Guidelines cannot be raised on collateral review. Scott v. United States, 997 F.2d 340, 342-43 (7th Cir.1993). Although Kester asserts that the upward departure violated his right to due process, he essentially claims an error in the application of the Sentencing Guidelines. Kester has not shown "extraordinary circumstances," such as the "district court's refusal TO implement a provision of the Guidelines designed for the defendant's benefit, coupled with 'cause' for not taking a direct appeal," that would justify hearing this claim on collateral review. Id. at 343.
 
 
 5
 Kester also contends that his due process rights were violated by the district court's failure to provide adequate notice of the upward departure. "The district court must provide reasonable notice of its intent to depart, identifying the specific ground on which the court is contemplating departure." United States v. Otis, 107 F.3d 487, 489 (7th Cir.1997); see also Burns v. United States, 501 U.S. 129 (1991). Where the presentence report or the Government in its own sentencing recommendation gives the defendant "notice that an enhancement or departure will be at issue in the sentencing hearing as well as notice of the facts and circumstances that tend to support the increase," this notice requirement is satisfied. United States v. Jackson, 32 F.3d 1101, 1105-06 (7th Cir.1994); see also Burns, 501 U.S. at 138-39. The presentence investigation report put Kester on notice that the district court may depart upward to the range of 70-87 months based on the dismissed bank robbery counts, thereby defeating Kester's due process claim as well as his claim that counsel erred in failing to object based on insufficient notice.
 
 
 6
 The only claim remaining is whether Kester's counsel was constitutionally ineffective in failing to object to the upward departure or in advising Kester that he had no basis to appeal. The district court concluded that Kester procedurally defaulted his ineffective assistance of counsel claim by not supporting it with evidence outside the record. However, ineffective assistance of counsel may be raised for the first time in a § 2255 motion "where trial counsel was also appellate counsel because he 'can hardly be expected to challenge on appeal his own ineffectiveness at trial.' " McCleese, 75 F.3d at 1178, quoting United States v. Taglia, 922 F.2d 413, 418 (7th Cir.), cert. denied, 500 U.S. 927 (1991). Because the same counsel who represented Kester at sentencing also advised Kester not to appeal, Kester properly raised his ineffectiveness claims for the first time in his § 2255 motion.
 
 
 7
 To prevail on an ineffective assistance of counsel claim, the petitioner must show that his attorney's performance was deficient, and that he was prejudiced by the deficient representation. See Lockhart v. Fretwell, 506 U.S. 364, 369 (1993); Strickland v. Washington, 466 U.S. 668, 688 (1984); Mason v. Hanks, 97 F.3d 887, 892-93 (7th Cir.1996). Kester has not shown a reasonable likelihood that he would have prevailed had he appealed the district court's upward departure. See McCleese, 75 F.3d at 1180. Accordingly, he cannot demonstrate that he was prejudiced by counsel's failure to object to the upward departure or to appeal the issue.
 
 
 8
 The presentence report recommended an upward departure pursuant to U.S.S.G. § 5K2.0. Section 5K2.0 permits an upward departure where the reason for the departure is taken into consideration by the Guidelines, but the sentencing range is inadequate. Because the relevant conduct provisions of the Guidelines take dismissed counts into consideration, the district court's departure was not based on unusual circumstances and was therefore an incorrect application of § 5K2.0. Nevertheless, Kester did not suffer any prejudice because the court could have imposed the same sentence by applying the relevant conduct provisions.
 
 
 9
 Section 1B1.2(c) of the Guidelines provides that "a plea agreement (written or made orally on the record) containing a stipulation that specifically establishes the commission of additional offense(s) shall be treated as if the defendant had been convicted of additional count(s) charging those offense(s)." The Commentary to that section states:
 
 
 10
 in the case of a stipulation to the commission of additional offense[s], the guidelines are to be applied as if the defendant had been convicted of an additional count for each of the offenses stipulated. For example, if the defendant is convicted of one count of robbery but, as part of a plea agreement, admits to having committed two additional robberies, the guidelines are to be applied as if the defendant had been convicted of three counts of robbery.
 
 
 11
 U.S.S.G. § 1131.2, Application Note 4.
 
 
 12
 As part of the plea agreement, Kester "stipulate[d] to and admit[ted]" that he committed the bank robberies underlying the two dismissed counts. The Guidelines therefore required the district court to sentence Kester to an additional count for each of the offenses stipulated, which would have made Kester's total offense level 25 under § 3D1.4. The district court reached the same conclusion. Thus, the sentence imposed by the district court satisfies the Guidelines' requirement that relevant conduct be taken into account. Consequently, Kester was not prejudiced by his counsel's failure to object to the upward departure or to appeal the issue.
 
 
 13
 This is also not a case where the district court accepted a plea agreement premised on the dismissed counts not being considered at sentencing The agreement plainly states that "all relevant conduct, whether charged or uncharged, shall be used to calculate the defendant's sentence under the guidelines." Therefore, the sentence imposed by the district court is consistent with the terms of the plea agreement.
 
 
 14
 As Kester's due process and ineffective assistance of counsel claims are meritless, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)